Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2288 | **DATE** | 8/31/2001 |
| **CASE TITLE** | Elaine M. Hegy vs. Community Counseling Center of Fox Valley, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) [8-1] is denied as to Counts II and IV but granted as to Count III. The Court set a status hearing for September 19, 2001, that date is hereby vacated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 0 4 2001 | |
| | Notified counsel by telephone. | | date docketed | 17 |
| ✓ | Docketing to mail notices. | | CM | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | | |
| | | | date mailed notice | |
| RO | courtroom deputy's initials | 01 AUG 31 PM 3: 28 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELAINE M. HEGY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMMUNITY COUNSELING ) <br> CENTER OF FOX VALLEY, an Illinois ) <br> Not-For-Profit Corporation; EDWARD ) <br> I. DUFFY, Individually and as President ) <br> of the Center; WALTER E. DEUCHLER, ) <br> JR., Individually and as Treasurer of the ) <br> Center; and CAROL ARLISKAS, ) <br> Individually and as Executive Director of ) <br> the Center, ) <br> ) <br> Defendants. ) | No. 01 C 2288 <br><br> Judge Ruben Castillo |

## MEMORANDUM OPINION AND ORDER

Elaine Hegy filed a suit against Community Counseling Center of Fox Valley (the "Center"), Edward Duffy, Walter Deuchler, Jr. and Carol Arliskas pursuant to the Age Discrimination in Employment Act ("ADEA"), after she was discharged. She also included the following pendant state law claims: (1) Intentional Interference with Employment; (2) Intentional Infliction of Emotional Distress; and (3) Breach of Contract. Defendants filed a motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), on Count II (Intentional Interference with Employment Relationship), Count III (Intentional Infliction of Emotional Distress) and the retaliation portion of Count IV (Breach of Contract). Defendants' motion to dismiss is denied as to Counts II and IV but granted as to Count III. (R. 8-1.)

# RELEVANT FACTS

Hegy, a 78 year-old female, was employed by the Center, a Not-For-Profit Corporation organized and existing under the laws of Illinois, from about August 1968 until she was formally informed of her discharge on May 19, 2000. In 1986, Hegy was selected as the Executive Director of the Center. Hegy states that at all times material to this lawsuit, she "proved her industriousness" and "demonstrated her capacity and ability to perform all job tasks to which she was assigned." (R. 1, Compl. ¶ 14.)

On December 13, 1999, Duffy (President of the Center), Deuchler (Treasurer of the Center) and Arliskas (present Executive Director of the Center) held an executive meeting with Hegy. At this meeting, Hegy alleges that Duffy demanded Hegy's retirement, without stating any reasons to justify this request. (*Id.* ¶ 15.) Hegy did not comply with the demand. In late January 2000, Duffy, Deuchler, Arliskas and Bernard Weiler (the Center's attorney) held another executive meeting with Hegy. At this meeting, Defendants urged Hegy's retirement. (R. 7, Defs.' Answer ¶ 16.) On February 4, 2000, while Hegy was absent due to illness, and before she could obtain legal counsel, Hegy contends that Defendants ejected her from her office by locking her out and terminating her salary. (R. 1, Compl. ¶ 17.) Hegy maintains that she learned of the lockout from other Center employees, who called her inquiring about a sign posted on her door that stated, "Locked by Order of the Board of Directors." (*Id.*) She further claims that Arliskas instituted the lockout, with the concurrence of Duffy and Deuchler. (*Id.* ¶ 18.) Hegy asserts that she was formally informed of her discharge on May 19, 2000, when the Center gave her false reasons for her termination. (*Id.* ¶ 19.)

Hegy states that Count I of the Complaint (Age Discrimination) arises because at the time of her expulsion she was 77 years old. Arliskas, who is approximately twenty years younger, replaced her as Executive Director of the Center. (*Id.* ¶ 21.) Hegy declares that she was discharged because of her age in violation of the ADEA and that Arliskas was less qualified for the position of Executive Director. (*Id.* ¶¶ 21, 22.)

Hegy contends that Count II (Intentional Interference with Employment) arises because Defendants "maliciously, without just cause or excuse and with the willful intent to injure [her]," conspired to deprive Hegy of the right to employment as Executive Director of the Center by "attempting to force [her] to retire and, ultimately, causing her discharge from employment." (*Id.* ¶ 25.) In furtherance of the conspiracy, Hegy alleges that Arliskas, whom Hegy states was designated as the acting Executive Director only after her discharge, did not have the prior authority of the Center's Board when he locked her out of the office. (*Id.* ¶ 26A, 26B.) The Center's Bylaws state that "[t]he Board shall select and employ a competent chief administrative officer who shall be its direct exclusive representative in the management of the corporation." (*Id.* ¶ 19.) Because Hegy interprets the Bylaws to require full Board approval before the Executive Director may be discharged, she claims that Arliskas' actions were contrary to this requirement. (*Id.*) Hegy contends that as a result of these malicious acts, she has been unable to attain employment in her usual vocation. (*Id.* ¶ 28.) As such, Hegy alleges that Defendants have interfered with her employment. (*Id.*)

Hegy states that Count III (Intentional Infliction of Emotional Distress) arises because Defendants deliberately and intentionally locked Hegy out of her office and posted the sign on her door. (*Id.* ¶ 30.) Hegy asserts that Defendants should have known of her susceptibility to

3

mental and physical stress, because of her illness, her age and her long-standing association with the Center. (R. 12, Pl.'s Resp. to Defs.' Mot. to Dismiss at 8.) Given the position of authority that Defendants had over Hegy, and because Defendants' acts were allegedly "despicable, cold, callous and intentional," she claims to have suffered "embarrassment, anxiety, humiliation and emotional distress." (R. 1, Compl. ¶¶ 31, 32; R. 12, Pl.'s Resp. to Defs.' Mot. to Dismiss at 7.)

Hegy's Count IV (Breach of Contract) arises from two loans that she gave the Center to cover operating costs. Between June 1997 and January 1998, Hegy lent the Center $45,000 because the Center lacked funds to cover operating costs. (R. 1, Compl. ¶ 34.) In early 1998, she loaned an additional $19,946 to the Center in order to cover the costs for a construction project that the Center had approved. (*Id.* ¶ 35.) Hegy made the loans in her capacity as Executive Director of the Center, and she contends that she expected to be reimbursed for the loans. (*Id.* ¶ 36.) Hegy claims that she made repeated demands for payment of the loans after her lockout; the Center, however, did not make any payments. (*Id.* ¶ 38.) Before Hegy filed charges with the Equal Employment Opportunity Commission ("EEOC"), the Center acknowledged the debt and offered to repay the bulk of it. (*Id.*) After the charges were filed, however, Hegy claims that the Center – in retaliation – refused to pay any part of the debt. (*Id.*)

Presently before this Court is Defendants' motion to dismiss Counts II and III of Hegy's Complaint as well as the retaliation portion of Count IV. Defendants argue that Hegy fails to allege the basic elements of the tort of intentional interference with employment (Count II) and that Hegy's claim for intentional infliction of emotional distress (Count III) should be dismissed because the allegations do not set forth the requisite "extreme and outrageous" conduct by Defendants. Furthermore, Defendants contend that Hegy fails to satisfy the administrative

4

exhaustion requirement necessary to state a cause of action in Count IV for retaliation. For the following reasons, Defendants' motion is denied for Counts II and IV but granted for Count III.

## LEGAL STANDARDS

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not the merits of the suit. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir.1998). When considering a motion to dismiss, this Court views all facts alleged in the complaint, as well as any inferences reasonably drawn from those facts, in the light most favorable to the plaintiff. *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996). We will grant a motion to dismiss only if it appears beyond doubt that the plaintiff can prove no set of facts entitling her to relief. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 432 (7th Cir. 1993). *See also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). To survive a motion to dismiss, "a pleading must only contain enough to allow the court and the defendant to understand the gravamen of the plaintiff's complaint." *McCormick v. City of Chicago*, 230 F.3d 319, 323-24 (7th Cir. 2000) (citations omitted).

## ANALYSIS

### I. Count II (Intentional Interference with Employment)

According to Illinois law, the elements necessary to support a claim for intentional interference with employment are: (1) reasonable expectation of continued employment; (2) knowledge of the business relationship by the interferer; (3) intentional interference; and (4) resultant damage. *Marczak v. Drexel Nat'l Bank*, 542 N.E.2d 787 (Ill. App. Ct. 1989). Defendants argue that Hegy has not stated a claim for intentional interference with employment

5

because she fails to allege the first three elements. (R. 8-2, Defs.' Mem. in Supp. of Mot. to Dismiss at 3.)

First, Defendants assert that Hegy did not allege that she had a reasonable expectation of continued employment. Illinois courts, however, have repeatedly held that an at-will employee can have a reasonable expectation of continued employment sufficient to sustain an action for intentional interference with employment. *See, e.g., Cavalieri-Conway v. State of California*, Case Nos. 94 C 6826, 94 C 7776, 1996 WL 65997, at *4 (N.D. Ill. Feb. 12, 1996); *Fellhauer v. City of Geneva*, 568 N.E.2d 870, 878 (Ill. 1991); *Marczak*, 542 N.E.2d at 791; *TAD, Inc. v. Siebert*, 380 N.E.2d 963 (Ill. App. Ct. 1978). Therefore we conclude that, because Hegy was an employee of the Center for 32 years, she had a reasonable expectation that her employment would continue.[1]

Second, Defendants argue that their interference with Hegy's employment was privileged, given their status as corporate officers. Corporate officers have the discretion, using their business judgment, to act on behalf of their corporation. *Rice v. Nova Biomed. Corp.*, 38 F.3d 909, 918 (7th Cir. 1994) (citation omitted); *Naeemullah v. Chi. Servs. Inc.*, 78 F. Supp. 2d 783, 793 (N.D. Ill. 1999). This privilege, however, ceases to exist if the corporate officer acts outside the scope of his or her corporate authority, acts solely for his or her benefit or acts to injure the plaintiff, because such acts are contrary to the best interests of the corporation. *Stafford v. Puro*, 63 F.3d 1436, 1442 (7th Cir. 1995) (citations omitted); *George A. Fuller Co. v. Chi. Coll. of Osteopathic Med.*, 719 F.2d 1326, 1333 (7th Cir. 1983). Hegy's allegation that

---

[1] Defendants also claim that Hegy never alleged the second element of intentional interference with employment; that is, that they knew of Hegy's business relationship with the Center. We disagree. Defendants were corporate officers of the Center and they were Hegy's coworkers, so they had to know of the business relationship that Hegy had with the Center.

Defendants acted contrary to the Center's Bylaws when they discharged her would be sufficient to demonstrate that they acted outside the scope of their corporate authority. (R. 1, Compl. ¶ 19.) Furthermore, Hegy's allegation that her replacement, Arliskas, was less qualified for the position of Executive Director than she was would be adequate to demonstrate that Defendants acted contrary to the best interests of the corporation. (*Id.* ¶ 21.) Finally, Illinois courts have recognized that if a corporate officer's actions are done maliciously or without justification, as Hegy alleges here, they are tortious. *See, e.g., HPI Health Servs., Inc. v. Mt. Vernon Hosp. Inc.*, 545 N.E.2d 672, 677 (Ill. 1989); *Strosberg v. Brauvin Realty Servs., Inc.*, 691 N.E.2d 834, 845 (Ill. App. Ct. 1998); *Roy v. Coyne*, 630 N.E.2d 1024, 1034 (Ill. App. Ct. 1994). Therefore, Hegy has alleged all of the elements necessary to support a claim of intentional interference with employment, and we deny Defendants' motion to dismiss with respect to Count II.

## II. Count III (Intentional Infliction of Emotional Distress)

In order to sustain a claim for intentional infliction of emotional distress, the following elements must be alleged: (1) the conduct involved must be extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional distress. *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001). Defendants contend that Hegy has failed to allege that their conduct was extreme and

outrageous or that she suffered severe emotional distress.[2] (R. 8-2, Defs.' Mem. in Supp. of Mot. to Dismiss at 5, 7.)

In order for conduct to be deemed outrageous, it must "go beyond all bounds of human decency." *Honaker*, 256 F.3d at 490. "Mere insults, indignities, threats, annoyances, petty oppressions, or trivialities" do not rise to the level of intentional infliction of emotional distress. *Oates v. Disc. Zone*, 116 F.3d 1161, 1174 (7th Cir. 1997) (quoting *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988)). *See also Van Stan v. Fancy Colours & Co.*, 125 F.3d 563, 568 (7th Cir. 1997) (stating that "Illinois courts have limited recovery to cases in which the employer's conduct has been truly egregious . . . [and] have denied recovery for distress resulting from recognizably reprehensible conduct which has been linked to an employer's legitimate interests"); *Fang v. Vill. of Roselle*, Case No. 95 C 5175, 1996 WL 386556, at *4 (N.D. Ill. July 5, 1996) (stating that most employer conduct "that falls short of attempted coercion into a crime or sexual misconduct, even if such conduct is illegal," is not considered outrageous). One factor that may weigh in favor of a determination that a defendant's conduct is extreme and outrageous is whether the plaintiff is "peculiarly susceptible to emotional distress because of some physical or mental condition." *Honaker*, 256 F.3d at 492. A second factor to be considered may be any positions of actual or apparent authority over a plaintiff that a defendant abuses. *Id.* at 491.

---

[2] A claim of severe emotional distress is actionable only if it "so severe that no reasonable man could be expected to endure it." *Honaker*, 256 F.3d at 495 (quoting *Pub. Fin. Corp. v. Davis*, 360 N.E.2d 765, 768 (Ill. 1976)). Recently, the Seventh Circuit held that simply enumerating symptoms is sufficient to pass a motion to dismiss because the plaintiff may later demonstrate that the symptoms were so severe as to be intolerable. *Cook v. Winfrey*, 141 F.3d 322, 331 (7th Cir. 1998). In this case, Hegy specifically alleged embarrassment, anxiety and humiliation. (R. 1, Compl. ¶ 31.) As such, Hegy has alleged sufficient facts to satisfy the pleading requirements for severe emotional distress. However, because Hegy did not successfully allege that Defendants' conduct was extreme and outrageous, her claim of intentional infliction of emotional distress is dismissed.

Both of the above factors weigh in Hegy's favor. First, Hegy alleges that her illness, her age and her association with the Center should be inferred from her pleadings to demonstrate her susceptibility at the time of her discharge. (R. 12, Pl.'s Resp. to Defs. Mot. to Dismiss at 8.) Second, Hegy contends that Defendants abused their power as corporate officers by attempting to coerce her into retiring and by discharging her in retaliation when she refused to retire. (*Id.* at 8.) We find, however, that although Defendants' conduct may have been inappropriate, any acts allegedly committed by Defendants – including the lockout and the sign posted on Hegy's office – were merely insults and indignities, which did not "go beyond all bounds of human decency." Therefore, even taking into account Hegy's potential susceptibility and the position of authority that Defendants held over her, Defendants' conduct did not rise to the level of intentional infliction of emotional distress, and we grant Defendants' motion to dismiss with respect to Count III.[3]

## III. Count IV (Breach of Contract – Retaliation Charge)

Generally, a plaintiff is only allowed to bring employment discrimination claims against a defendant that have previously been filed with the EEOC. *McKenzie v. Ill. Dept. of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996). The two justifications for the requirement that all charges be filed with the EEOC before they are claimed against a defendant are as follows: (1) the employer is given notice of the charges against it; and (2) the parties have a better chance to settle the dispute. *Id.* If, however, the charge filed with the EEOC and the new charges brought in the

---

[3] It is extremely doubtful that Hegy will be able to successfully allege the elements of intentional infliction of emotional distress in this type of job discrimination case. If Hegy believes, however, that at the close of discovery and in accordance with this opinion, she can allege sufficient facts to prove that Defendants' conduct rose to the level of outrageousness required, she may file a motion for leave to file an amended complaint with respect to Count III.

9

complaint are reasonably related, and the new charges grow out of the charge filed with the EEOC, then the new charges can be brought against a defendant. *Id.* Where a retaliation claim arises after an initial filing with the EEOC, a second filing is not prerequisite to bringing charges of retaliation against a defendant. *R.G.H. v. Abbott Labs.*, Case No. 93 C 4361, 1995 WL 68830, at *6 (N.D. Ill. Feb. 16, 1995) (Castillo, J.) (citing *Steffen v. Meridian Life Ins. Co.*, 859 F.2d 534, 545 n.2 (7th Cir. 1988)). In the present case, the retaliation claim occurred after the initial filing with the EEOC, so another filing was unnecessary. In fact, the retaliation charge also grows out of the breach of contract claim, and both claims are reasonably related. Therefore, we allow Hegy to proceed with the retaliation portion of her breach of contract claim, and we deny Defendants' motion to dismiss with respect to Count IV.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), is denied as to Counts II and IV but granted as to Count III. (R. 8-1.) A status hearing will be held in open court on September 19, 2001 at 9:30 a.m.

ENTERED:

Judge Ruben Castillo
United States District Court

**Dated: August 30, 2001**